Holmes *v.* Fernald.

## HOLMES *vs.* FERNALD.

In real actions, no lien can be created by attachment of property.

THIS was a writ of entry, in which both parties claimed title under the extent of their several executions against *William Linscott*, made on the same day, and duly registered and returned. The land was attached in each of their original actions against *Linscott;* of which the tenant's was the prior attachment, but his action was a writ of entry; and the demandant's was an action of *assumpsit.* The only question, therefore, was whether property was liable to attachment in a real action.

*J. Holmes, pro se,* contended that it was not; because the statutes created this lien only for the security of the *debt* to be recovered, and incidentally for the costs; and cited *Stat.* 1821, *ch.* 60, *sec.* 1; 5 *Dane's Abr. ch.* 175, *art.* 8, *sec.* 3, 6.

*J. & E. Shepley,* for the tenant, argued from the several statutory provisions that it was the intent of the legislature that the property of the defendant should be attached in all cases. They have given the plaintiff the right to proceed either by *capias* or original summons; and speak of the service of the "writ or summons" without discrimination. The provision introduced in the case of executors and administrators, by our *Stat.* 1821, *ch.* 52, that process against them should run only against the goods and estate of the deceased in their hands, proceeds wholly on the assumption that property is attachable by an original summons, since they could be sued in no other mode. *Cook v. Gibbs,* 3 *Mass.* 197. In all real actions the practice has been to proceed by *capias,* attachment, or original sum-

mons, at the demandant's election. *Stearns on real actions*, 92, 94, 200. And our *habere facias*, provides for the satisfaction of damages and costs out of the tenant's estate. *Stat.* 1821, *ch.* 63, *sec.* 2.

But if the provisions of the statutes are to receive the strict construction contended for, then no lien is created for the security of costs ; and therefore the demandant must fail, his extent including *both* debt and costs.

The opinion of the Court was read at the ensuing *September* term, as drawn up by

MELLEN C. J. In this case it appears that both parties extended their executions on the demanded premises on the same day and within thirty days after judgment ; and the proceedings were seasonably recorded. Both parties had also caused the premises to be attached on the mesne process. The demandant's original action was *assumpsit*, and the tenant's original action against the same person was entry on disseisin ; and the only question in the present action is whether any legal lien on the land was created by that attachment and the officer's return of it. If there was, then the tenant is entitled to judgment ; if not, then the levy of the demandant vested the title in him from the day on which his attachment was made, and it is thus the paramount title.

By the colonial statute of *October*, 1650, it was ordered that " henceforth all goods attached upon any action, shall not be released upon the appearance of the party or judgment, but shall stand engaged until the judgment, or the execution granted upon the said judgment be discharged." By the colonial statute of *May*, 1659, it is provided " that henceforth in all civil procedings, except where the defendant is a stranger, where execution is not taken out and executed within one month after that judgment is granted, all such attachments, whether on persons or estates, with sureties, shall be released and void in law." By the provincial statute of 13 *Will.* 3, it was enacted in these words : " Nor shall any goods or other estate, attached to respond the judgment that shall be recovered on suit brought, be released or discharged from such arrest until the

expiration of thirty days next after rendering of judgment for the plaintiff in such suit." In the several provisions above quoted there appears to be no distinction as to the nature of the action in which the attachment created and continued a lien on the property specially attached ; and these provisions, or at least the principle they had established, continued as the law on the subject until the year 1784, when there was a general revision of ancient statutes. The provision in the act of Massachusetts as to the attachment of property on mesne process in civil actions is in these words : " Be it enacted, &c. that all goods and estate attached upon mesne process for the security of the debt or damages sued for, shall be held for the space of thirty days after final judgment to be taken in execution." The first section of ch. 60, of our revised statutes, contains a provision in precisely the same language ; and in terms does not extend to any but personal actions ; because, in such actions only, are debt or damages recovered. This is an evident limitation imposed upon the generality of the language employed in the colonial and provincial statutes relating to the same subject ; and why does not this indicate the intention of the legislature of Massachusetts, and that of this State, to have been, that no special attachment of goods or estate was proper in a real action, and that in such cases no lien should be created by any such attachment ? There is no other statute touching the subject by which in a real action a lien can be created in the above mode.￨ There is a total absence of all other legislation on the point. This single fact would seem to settle the question at once, as the lien of an attachment is unknown to the common law. But though an original summons is the proper and usual process in the institution of real actions, still, it is said that practice in Massachusetts, at least, has sanctioned the correctness of making special attachments in real actions for the purpose of securing costs in case of a recovery ; and that the opinion of Mr. Stearns to that effect, in his valuable treatise on real actions, confirms the legality of the proceeding. He cites no decisions and refers to no authorities. No doubt, as he states, both modes of process have been adopted ; and, probably, because the change of language, in the act of 1784, was not particularly regarded. Such might have been the origin of

Holmes *v.* Fernald.

the practice. But it is surely more safe and proper for a court to be regulated by the clear language of our own statute, than by a usage in Massachusetts which seems contrary to, or at least unwarranted by any law of that Commonwealth. It is further said that the form of an *habere facias,* as given in the 2d *sec.* of *ch.* 63, of our revised statutes, commands the officer to satisfy the costs of suit out of the tenant's property; true, because the demandant is the prevailing party; but this has no connexion with the question presented in this case. It is true that ever since the year 1784, property specially attached in personal actions has been considered holden for thirty days for the satisfaction of the costs of suit as well as the debt or damages recovered; and it is believed that this opinion and practice are sanctioned by a fair construction of the language of our statute. Because a debt due or damages to which a man may be entitled for an injury done him, cannot by law be secured and recovered without incurring a bill of costs; and the statute may be properly considered as giving him security not only for the obtainment of the end, but for the necessary expense in the employment of the appropriate means to obtain it. For in many cases the costs necessarily expended in obtaining the debt or damage sued for, exceed such debt or damage. But this provision does not extend to real actions. This construction will not disturb the levy of any execution, where lands have been appraised and set off to satisfy costs as well as damage, where a special attachment was duly made on mesne process. The conclusion is, that in the opinion of a majority of the court, the demandant is entitled to

*Judgment for the premises demanded.*